IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 04-30053-01** |
| **VERSUS** | * | **JUDGE JAMES** |
| **JOSEPH WILL ROBINSON** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Vacate, Set Aside, or Reduce Sentence filed by defendant JOSEPH WILL ROBINSON (Document No. 29). The Government opposes the motion (Document No. 32). For reasons stated below, it is recommended that the motion be **DENIED**.

### BACKGROUND

On December 15, 2004, Joseph Will Robinson ("Robinson") was charged in a four-count indictment with (1) possession with intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of 28 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); (3) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and (4) a forfeiture count (Document No. 6). On February 28, 2005, the Government filed an "Information and Notice of Prior Narcotics Conviction Pursuant to 21 U.S.C. §851" which provided that Robinson had a prior felony drug conviction on or about March 19, 1993, and therefore was subject to the mandatory minimum of twenty years under 21 U.S.C. § 841(b)(1)(A) (Document No. 13).

On March 4, 2005, pursuant to a written plea agreement, Robinson pled guilty to Counts One and Two of the indictment and, on June 13, 2005, he was sentenced to 240 months

imprisonment as to Count One and 60 months as to Count Two, with the sentence for Count Two to run consecutive of the sentence for Count One (Document No. 19). Robinson filed an appeal of his sentence in the United States Court of Appeals for the Fifth Circuit on July 1, 2005. Robinson's attorney filed an *Anders* brief, to which Robinson did not file a response. On June 1, 2006, upon finding that there were no non-frivolous grounds for relief, the Fifth Circuit allowed Robinson's attorney to withdraw and dismissed the appeal (Document No. 30).

On March 29, 2007, Robinson filed the instant motion vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 asserting the following grounds for relief: (1) his sentence was improperly enhanced under 21 U.S.C. § 841 based upon his prior state drug felony conviction which was not an equivalent Federal Controlled Substances Act violation; (2) he was denied effective assistance of counsel when his attorney failed to object to the use of a 1971 conviction as a predicate to enhance his sentence despite the fact that the sentence was outside the spatio-temporal parameters for use to enhance; (3) he was denied effective assistance of counsel when his attorney abjured in seeking a Guidelines sentence in lieu of a statutory sentence; and (4) he was denied effective assistance of counsel in that his attorney failed to investigate or file a motion to suppress, but rather merely urged Robinson to plead guilty despite the probability that a motion to suppress would have been granted.

**LAW AND ANALYSIS**

<u>The Law of § 2255 Actions</u>

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral

2

attack". 28 U.S.C. §2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992), *cert. den.*, 504 U.S. 962 (1992).  The scope of relief under §2255 is consistent with that of the writ of habeas corpus.  *Cates*, 952 F.2d at 151; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

Only cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues and in rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which could result in a "complete miscarriage of justice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1996); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

In *United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992), the United States Court of Appeals for the Fifth Circuit stated as follows:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that would not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  *U.S. v. Capua*, 656 F.2d. 1033, 1037 (5th Cir. 1981).  Non-constitutional claims that could have been raised on direct appeal but were not may not be asserted in a collateral proceeding.

Collateral review is fundamentally different from and may not replace a direct appeal.  *United States v. Frady*, 102 S.Ct. 1592-93 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*), *cert. denied*, 112 S.Ct. 978 (1992).  Thus, even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally.  A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (*citing Shaid*, 937 F.2d 228, 232 (5th Cir. 1991), *en banc, cert. denied*, 112 S.Ct. 978 (1992)); *United*

3

*States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). As Robinson failed to file a response to his attorney's *Anders* brief, he did not raise any of his current claims on direct appeal. Thus, he is procedurally barred from raising such claims collaterally in the context of a § 2255 motion unless he can show 'cause' and actual prejudice.' *Segler*, 37 F.3d at 1133; *Walker*, 68 F.3d at 934.

*A. Enhanced Sentence Based on Prior Felony Drug Conviction*

Robinson asserts that the Government sought and the Court allowed an enhanced sentenced under 21 U.S.C. §841 based upon a prior state drug felony conviction that was not an equivalent Federal Controlled Substances Act violation. However, Robinson did not raise this claim on direct appeal, and he has alleged no ineffective assistance of counsel in this regard nor any other circumstances that would constitute cause or actual prejudice. Therefore, Robinson is procedurally barred from raising this claim in the context of a § 2255 motion.

Moreover, regardless of whether Robinson raised this claim on direct appeal, the claim is meritless. Robinson pled guilty to one count of violating 21 U.S.C. § 841, which mandates a 20 year minimum term of imprisonment for an individual with a prior felony drug conviction. 21 U.S.C. § 841(b)(1)(B). According to the P.S.R., Robinson was convicted on March 19, 1993, in Louisiana state court of two counts of Distribution of Cocaine, for which he was sentenced to 12 years hard labor. P.S.R. ¶ 34. 21 U.S.C. § 802(44) defines the term "felony drug offense" as ". . . an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign county that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances. 21 U.S.C. § 802(44). Thus, Robinson's March 19, 1993 conviction clearly constitutes a prior conviction for a felony drug offense for the purpose of 21 U.S.C. § 841(b)(1)(B), and Robinson's sentence was properly

4

enhanced to 20 years based on such conviction. Accordingly, it recommended that Robinson's motion on this ground be DENIED.

### B. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims may be considered under 28 U.S.C. § 2255. *United States v. Gaudet*, 81 F. 3d 585, 589 (5th Cir. 1996); *United States v. Gipson*, 985 F. 2d 212 (5th Cir. 1993); *United States v. Navejar*, 963 F. 2d 733, 735 (5th Cir. 1992). However, not all ineffective assistance of counsel claims are cognizable for the first time on collateral attack absent proof of "manifest injustice." Substandard advice of counsel rises to a constitutional violation only if the substandard conduct deprives the defendant of his constitutional right to a fair trial or deprives the defendant of some other constitutional right. To prevail on a claim of ineffective assistance of counsel, a defendant must show both that his counsel's actions fell below an objective standard of reasonableness and that the ineffectiveness of counsel prejudiced him. *Strickland v. Washington,* 466 U.S. 668 (1984).

If the defendant does not make a sufficient showing as to one section of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997). Furthermore, the parts of the test need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997). In addition, "mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998).

In applying the first part of the *Strickland* test, a court should presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *Strickland* at 689-690. The defendant must show that the performance of

counsel fell "outside the wide range of professionally competent assistance." *Strickland* at 690; *Ward v. Whitley*, 21 F.3d 1355 (5th Cir. 1994).

To establish prejudice, the second prong, the defendant must demonstrate that the attorney's actions "were so serious as to render the proceedings unreliable and fundamentally unfair." *United States v. Saenz-Forero*, 27 F.3d 1016, 1019 (5th Cir. 1994); *Murray v. Maggio*, 736 F. 2d 279 (5th Cir. 1984). Unreliability and unfairness do not result "if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitled him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *See also Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995). Accordingly, counsel cannot be ineffective for failing to raise a meritless claim. *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995).

*1. Counsel's Failure to File Motion to Suppress*

Robinson asserts that his attorney was ineffective for urging him to plead guilty rather than filing a motion to suppress despite the probability that such a motion to suppress would have been granted. However, Robinson does not indicate on what basis a motion to suppress should have been filed nor does he offer any explanation as to why such motion would have been granted. Thus, Robinson has alluded to no facts which would support a duty on the part of his attorney to file a motion to suppress. He merely states in conclusory fashion that the motion would have been granted, and it is well-settled that mere conclusory allegations are insufficient to support a claim of ineffective assistance of counsel. *Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998).

Moreover, a review of the facts in the record, which Robinson has not disputed, reveals the following: (1) Robinson was arrested pursuant to a valid arrest warrant; (2) he was read his

*Miranda* rights; (3) he signed a written waiver form waiving his rights; and (4) he was asked for consent to search his residence, which he granted.[1]  *Id.*  There is no indication from the record, nor has Robinson claimed, that his consent was coerced or in any way involuntary.  Therefore, as the record in this case evidences no grounds for filing, much less granting, a motion to suppress, Robinson's attorney was under no duty to file such a motion.  Robinson has not demonstrated that his attorney's decision not to file a motion to suppress constituted ineffective assistance of counsel, and it is recommended that his motion on this ground be DENIED.

*2. Counsel's Failure to Object to Use of 1971 Conviction*

Robinson next asserts that his attorney was ineffective for failing to object to the use of a 1971 conviction to enhance his sentence based on the fact that the conviction was outside the spatio-temporal parameters for use to enhance.  However, a review of the pre-sentence investigation report ("P.S.R.") indicates that a 1971 conviction was not used to enhance Robinson's sentence.  In the section of the P.S.R dedicated to computing Robinson's criminal history, a conviction dated October 27, 1972, is noted; however, assuming that this is the conviction to which Robinson is referring, no criminal history points were attributed to such conviction.  Thus, the conviction was not included in the determination of Robinson's criminal history, nor was it used to enhance his sentence, and any objection on such ground would have been meritless.  As counsel cannot be ineffective for failing to raise a meritless claim, Robinson's attorney's failure to object regarding the 1972 conviction did not render his performance deficient.  See *Hargett*, 61 at 415.  Accordingly, it is recommended that Robinson's motion on

---

[1] By his signature, Robinson agreed and stipulated to these facts.  (Plea Agreement Factual Basis, Document No. 16).

7

this ground be DENIED.

### *3. Counsel's Failure to Seek a Guidelines Sentence*

Robinson next argues that he was denied effective assistance of counsel because his attorney did not seek a Guidelines sentence in lieu of a statutory sentence. However, with regard to both counts to which Robinson pled guilty, Robinson received the mandatory statutory minimum sentence. Regarding Count One, 21 U.S.C. § 841(b)(1)(A) states that "[i]f any person commits . . . a violation after a prior conviction for a felony drug offense has become final, such person **shall** be sentenced to a term of imprisonment which **may not be less than 20 years** and not more than life imprisonment. . . ." 21 U.S.C. § 841 (emphasis added). As was previously discussed, Robinson's March 19, 1993, state conviction constitutes a prior felony drug offense. Therefore, the sentence Robinson received for Count One, 240 months or 20 years, was the least possible sentence could impose. Similarly, with regard to Count Two, 18 U.S.C. § 924(c)(1)(A) mandates a term of imprisonment of **not less than five (5) years**, 18 U.S.C. § 924(c)(1)(A), and the statute specifically states that the term of imprisonment shall run consecutive with any other term of imprisonment imposed, 18 U.S.C. § 924(c)(1)(D)(ii). Moreover, for Count Two, the Guidelines state that the minimum term required by the statute is the guidelines sentence. U.S.S.G. § 2K2.4(b), comment 2. Thus, the sentencing judge was statutorily bound to sentence Robinson as he did and any objection by his attorney to the sentence would have been frivolous. Again, failure to raise a meritless claim is not ineffective assistance of counsel. See *Hargett*, 61 at 415. Accordingly, it is recommended that Robinson's motion on this ground be DENIED.

## CONCLUSION

For the above-stated reasons, it is recommended that defendant's Motion to Vacate, Set

Aside, or Correct Sentence Under Title 18 U.S.C. Section 2255 (Document No. 29) be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 24th day of July, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE