UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:04-CR-30053-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **JOSEPH WILL ROBINSON (01)** | **MAGISTRATE JUDGE HAYES** |

### RULING

Before the Court is Defendant Joseph Robinson's Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act ("FSA"). [Doc. No. 83]. Pursuant to his memorandum, Robinson moves the Court to reduce his term of imprisonment on his narcotics conviction from 240 months to 120 months, and to reduce his term of supervised release from ten years to eight. *Id.* at 5. The government opposes the motion, arguing: (1) Robinson is not eligible for relief under the FSA, and (2) even if the Court finds he is eligible for relief, it should exercise its discretion and deny relief based upon the sentencing factors set forth in 18 U.S.C. § 3553(a). [Doc. No. 84 at 1]. For the following reasons, Defendant's motion is GRANTED.

### I.
#### BACKGROUND

On December 15, 2004, Robinson was indicted for possession with intent to distribute fifty (50) grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count 1), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 3). [Doc. No. 6]. On March 4, 2005, Defendant pleaded guilty to Counts 1 and 2. [Doc. No. 16]. Due to the filing of a Notice of Prior Narcotics Conviction, *see* 21 U.S.C. § 851, Defendant's statutory minimum term of incarceration increased from ten to twenty years. On June 13, 2005,

Robinson was sentenced to a term of imprisonment of 240 months on Count 1 and 60 months on Count 2, with Count 2 to run consecutively to Count 1.[1] [Doc. No. 19].

## II.
### APPLICABLE LAW

At the time Robinson was sentenced, distribution of 50 grams or more of crack cocaine carried a mandatory minimum sentence of ten years and a maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A) (West 2005). On August 3, 2010, after more than two decades of substantial criticism from the Sentencing Commission and others in the law enforcement community that the harsh treatment of crack cocaine offenses was fundamentally unfair when compared to offenses involving powder cocaine, Congress passed the Fair Sentencing Act. *Dorsey v. United States*, 567 U.S. 260, 268 (2012). Section 2 of the Fair Sentencing Act increased the quantity of crack cocaine required to trigger the ten-year mandatory minimum sentence from 50 grams to 280 grams. *Id.* at 269. The Fair Sentencing Act took effect on August 3, 2010 but applied only to sentences imposed thereafter. *Id.* at 264.

In 2018, Congress passed the First Step Act, which made the revised crack cocaine minimums established by the Fair Sentencing Act retroactive. First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, § 404, 132 Stat 5194 (2018). The First Step Act provides in relevant part:

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.

---

[1] The sentence imposed was the statutory minimum sentence, and the minimum guideline sentence.

> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*Id.*

## III.
### ANALYSIS

### A. Whether Defendant is eligible for relief under the First Step Act

The government contends Robinson is ineligible for relief due to the amount of cocaine base attributed to him in the Presentence Investigation Report ("PSR") as relevant conduct. [Doc. No. 84 at 4; *see also* PSR at ¶ 17]. However, the government acknowledges "that this argument was recently rejected by the Fifth Circuit, but makes it to preserve it for future proceedings in this case." *Id.* at 4 (citing *United States v. Jackson*, 945 F.3d 315 (5th Cir. 2019)). The Court agrees with the government that this argument is now foreclosed by the Fifth Circuit. *Jackson* at 320 ("[W]hether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted."); *see also United States v. Thompson*, 404 F.Supp.3d 1003, 1006-07, 1011 (W.D.La. 2019); *United States v. Curry*, 5:02-CR-50088, 2019 WL 6826528, at *3-4 (W.D. La. Dec. 13, 2019).

Accordingly, the Court finds Defendant meets all requirements for eligibility under section 404 of the FSA: Defendant was convicted of violating a statute whose penalties were modified by the Fair Sentencing Act, his violation occurred before August 3, 2010, and he has not filed a previous motion seeking First Step Act relief, nor was his sentence "previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." Therefore, the Court finds Robinson is eligible for relief under the First Step Act.

### B. Whether Relief is Warranted

In determining the appropriate sentence, the Court has considered the statutory range, the applicable sentencing guidelines range, the sentencing factors set forth in 18 U.S.C. § 3553(a), and pre- and post-sentencing conduct. *See e.g. Jackson*, 945 F.3d at 321-22; *United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019) (citing *Pepper v. U.S.*, 562 U.S. 476, 504 (2011)).[2] Defendant was convicted of possession with intent to distribute fifty grams or more of cocaine base. Accordingly, with the application of the 21 U.S.C. § 851 enhancement, Defendant's statutory sentencing range on Count 1 is now ten years to life. 21 U.S.C. § 841(b)(1)(B). Defendant's revised guideline range on Count 1 is 120 - 150 months. *See U.S. v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019).

The government argues that after an evaluation of the 18 U.S.C. § 3553(a) sentencing factors, the Court should exercise its discretion and deny relief. The government supports its argument by noting that four firearms (two of which were loaded) were recovered from Robinson during his arrest, and by pointing to Robinson's prior criminal history and his infractions while in BOP custody. However, the government concedes only a "small quantity" of crack was actually recovered from Robinson, that Robinson's guideline range was driven by the amount of cocaine base he estimated to police he had sold over a seven month period, and that Robinson's revised guideline range is "substantially less today than when he was originally sentenced." *Id.* at 3-4.

---

[2] *See also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP ACT*, p. 7, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited March 9, 2020) ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

The Court notes Robinson has been incarcerated for this offense for over fifteen years. He will be 70 years old in May. Further, while firearms were found in the search of Robinson's home, there is no information indicating Robinson's offense conduct involved any acts of violence. Robinson's criminal history reflects several narcotics convictions for what appear to be relatively small amounts of cocaine base. PSR at ¶¶ 32-34. His most troubling conviction is for Armed Robbery, but the Court notes that offense occurred in 1972, when Robinson was 21 years old. *Id.* at ¶ 30.

As to Robinson's post-conviction conduct, the Court notes he has three disciplinary incidents from 2010 and 2012 for Possession of Drugs/Alcohol, Possession of an Unauthorized Item (Tobacco), and Possession of Drugs/Alcohol (Marijuana/Tobacco). Robinson lost significant good time credit, commissary, telephone and visitation privileges, and was placed in disciplinary segregation as punishment for these infractions. However, Robinson's efforts toward rehabilitation outweigh his disciplinary infractions. As noted in the PSR, Robinson has a long history of addiction. PSR at ¶ 53. While incarcerated, he has completed multiple drug education courses, as well as general education and vocational technology courses. He currently participates in Narcotics Anonymous, "where he leads group discussion and offers advice and support to incoming inmates." [Doc. No. 83-1 at 2]. Robinson works as an orderly, and his case manager notes he "has consistently earned average and above average work evaluations during this period of incarceration," and has gained employable work skills through his BOP employment. *Id.* at 1. Robinson's case manager notes his "interaction with staff is respectful and appropriate and no management concerns are noted." *Id*. at 2. When Robinson is not working, he "participates in Religious Services programs," and he attends bible studies and church services weekly. *Id.* at 3.

After consideration of the § 3553(a) factors, including the history and characteristics of this Defendant, the need to afford adequate deterrence to criminal conduct and to promote respect for the law, the parties' arguments, and Congress's intent in passage of the First Step Act, the Court determines that a reduction of Defendant's sentence of imprisonment on Count 1 to 120 months is sufficient but not greater than necessary to comply with the purposes of sentencing. Such a sentence is a substantial prison term, commensurate with the crime Robinson committed. In this Court's opinion, a greater sentence is not necessary to prevent unwarranted departures when compared with similar sentences in this era. The Court will additionally reduce the term of supervised release to eight years. Accordingly,

IT IS HEREBY ORDERED that the Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act [Doc. No. 83] is GRANTED, and the Court will issue an amended judgment reducing Robinson's term of incarceration on Count 1 to 120 months, and reducing his term of supervised release to eight (8) years, effective April 2, 2020. Except as modified in this paragraph, all other provisions of the Judgment imposed on June 13, 2005 [Doc. No. 19] REMAIN in effect.

SIGNED this 23rd day of March, 2020.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE